IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CORA MOSS HAYWOOD,**                                                                        **PLAINTIFF,**

**VS.**                                      **CIVIL ACTION NO. 2:06CV108-P-A**

**TRIBECA LENDING CORPORATION,**
**ET AL.,**                                                                          **DEFENDANTS.**

**ORDER**

**A. Factual Background**

This matter comes before the court upon the plaintiff's motion to remand this case to the Circuit Court of DeSoto County, Mississippi [14-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On October 25, 2004 the plaintiff filed a Complaint, *pro se*, in the Circuit Court of DeSoto County, Mississippi against Tribeca Lending Corporation, Franklin Credit Management Corp., and FCMC 2001 D Corp alleging fraudulent misrepresentation and damages in excess of $3.5 million in connection with a refinance loan the plaintiff sought from her mortgage company.

On July 19, 2005 the plaintiff filed an Amended Complaint adding the claim of intentional infliction of emotional distress and increasing her damages to over $7 million.

On May 17, 2006 the plaintiff filed a Second Amended Complaint wherein she added a new defendant, Sky Bank, claiming that they "aided and abetted" the other three defendants in their allegedly fraudulent behavior. Sky Bank was served with the Second Amended Complaint on May 18, 2006.

1

On June 19, 2006[1] Sky Bank removed this action to federal court asserting diversity jurisdiction since the plaintiff is a resident of Mississippi and all of the defendants are foreign corporations; federal question jurisdiction since the plaintiff's claim that the defendants did not provide her with a copy of the appraisal of her home is allegedly preempted by the Equal Credit Opportunity Act, 15 U.S.C. § 1691(e); and bankruptcy jurisdiction since the plaintiff filed a Chapter 13 petition in the U.S. Bankruptcy Court of the Western District of Tennessee six months before she filed her first complaint in this matter, the Chapter 13 case is still open, and this case is either a "core proceeding" or is "related to" her Chapter 13 petition.

On the same day as the removal, the three original defendants filed a joinder in the removal.

On July 14, 2006 the plaintiff filed a Response to the Defendants' Notice of Removal in which she states that the case has been pending for over 21 months, all of the facts are the same except the addition of Sky Bank as a defendant, and an unsubstantiated claim that the Second Amended Complaint was never allowed by the Circuit Judge. On July 17, 2006 the plaintiff filed a Notice of Removal in which she moves to remand and refers to the aforementioned response. On July 18, 2006 the plaintiff filed an additional response to removal consisting of two more exhibits, neither of which contain specific arguments in opposition to removal.

On August 11, 2006 Sky Bank filed their brief in opposition of remand.

On August 16, 2006 the plaintiff filed her reply in which she reasserts her earlier allegations without specifically mentioning technical errors in the removal. On August 21, 2006 the plaintiff filed a supplemental response in which she seeks to join a Mississippi corporation in order to defeat

---

[1] Sky Bank is correct that the 30-day time limit expired not on June 18, 2006 but rather on June 19, 2006 since the 18th fell on a Sunday. See Federal Rule of Civil Procedure 6(a).

removal. On that same day the plaintiff filed a motion to amend the complaint seeking the same relief whereupon the court dismissed the motion pending the court's decision on remand. This was the proper action since 28 U.S.C. 1447(e) disallows amendment of a complaint to add a resident defendants solely to defeat removal.

On August 28, 2006 the plaintiff filed yet another supplemental response to the defendant's opposition to remand wherein she repeats her initial allegations (none of which involve technical legal errors in the removal) while arguing that the Mississippi corporation she seeks to add as a defendant "aided and abetted" the other defendants in their allegedly fraudulent actions.[2]

**B. Analysis**

First and foremost, the court concludes that the plaintiff waived any procedural defects in Sky Bank's removal. Title 28 U.S.C. § 1447(c), which discusses the proper procedures for motions to remand, provides in pertinent part that a "motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The plaintiff's motion to remand in this case is not based on subject matter jurisdiction. The Fifth Circuit Court of Appeals has held that aforementioned language from § 1447(c) means that if a plaintiff fails to raise a proper procedural defect by motion within 30 days of the removal, that procedural defect is waived. *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991). In other words, a plaintiff whose case has been removed has 30 days to make all of her arguments regarding procedural defects in removal or

---

[2] The court admonishes the plaintiff that there is a 35-page limit on briefing in total for a particular motion and that the normal briefing process consists of a motion, the response thereto, and the reply to the response. Any further supplements must be approved by the court before filing or they will be stricken.

3

she waives them. Thus, since the plaintiff did not raise any procedural defects in her filings regarding her opposition to removal, the court deems such defects, if any, as waived. By this waiver alone, the court concludes that the plaintiff's motion to remand should be denied. Though the Fifth Circuit has held that district courts are to broadly construe *pro se* briefs, they have also held that *pro se* plaintiffs are subject to the same rules as those represented by counsel.

Even if the plaintiff had not waived her opposition to removal by not pointing out any procedural defects, the court concludes that there is diversity jurisdiction pursuant to 28 U.S.C. 1332 since the amount in controversy is well over $75,000 and there is complete diversity among the parties – that is, the plaintiff is a resident of Mississippi and none of the defendants are residents of Mississippi.

Sky Bank is correct that 28 U.S.C. § 1446(b)'s one-year limit for removal based on diversity jurisdiction does not apply because this case was initially removable. Sky Bank is also correct that the revival exception allows them to remove. "The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). The Fifth Circuit has recently held that the addition of a new defendant through amendment to a complaint does indeed "'change[] the character of the litigation so as to make it substantially a new suit' because ... the addition of the new defendant commences the lawsuit as to it." *Braud v. Transport Svc. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006). This would appear to be an exception to the "first served rule" as enunciated in *Brown v. Demco, Inc.*, 792 F.3d 478, 481 (5th Cir. 1986). In any event, as discussed above, this argument has been waived.

4

Because the court concludes that the plaintiff waived any procedural deficiencies of Sky Bank's removal, and even had she not waived such deficiencies the removal was proper, the court need not address Sky Bank's arguments regarding bankruptcy jurisdiction and federal question jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's motion to remand this case to the Circuit Court of DeSoto County, Mississippi [14-1] is **DENIED**; and

(2) The stay in this case is lifted.

**SO ORDERED** this the 20th day of September, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE