IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CORA MOSS HAYWOOD,**                                                              **PLAINTIFF,**

**VS.**                                                      **CIVIL ACTION NO. 2:06CV108-P-A**

**TRIBECA LENDING CORPORATION,**
**ET AL.,**                                                                  **DEFENDANTS.**

<u>**ORDER**</u>

This matter comes before the court upon Defendant Sky Bank's Motion to Dismiss for Lack of Personal Jurisdiction [10-1] pursuant to Fed. R. Civ. P. 12(b)(2). After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant can be dismissed from an action for lack of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction. *Allred v. Moore & Peterson, P.C.*, 117 F.3d 278, 281 (5th Cir. 1997).

In diversity cases, the district court "may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). "The state court or federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; **and** (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Id.* (emphasis added).

Mississippi's long-arm statute provides in pertinent part that:

> Any nonresident person, firm ... or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall **make a contract** with a resident of this state to be performed in whole or in part by any party in this state, or who shall **commit a tort in whole or in part in this state**

1

> against a resident or nonresident of this state, or who shall **do any business** or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2002) (emphasis added).

In general, there are three different types of activity that will subject a foreign corporation to personal jurisdiction under Mississippi's long-arm statute: the contract prong, the tort prong, and the doing business prong.

Having considered the briefs in this case, the court concludes that the plaintiff has not met her burden in showing that either the contract prong or the doing business prong applies. Regarding the contract prong, the plaintiff has not demonstrated that Sky Bank is a party to a contract currently in dispute. Regarding the doing business prong, the plaintiff has not shown that Sky Bank, an Ohio corporation, has done any business in Mississippi. Isolated or incidental activities do not rise to the level of "doing business" as far as Miss. Code Ann. § 13-3-57 is concerned. *McLaurin v. Nazar*, 883 F.Supp. 112, 116 (N.D. Miss. 1995), *aff'd*, 71 F.3d 878.

Pursuant to the tort prong, if a nonresident defendant commits a tort or an element thereof in Mississippi, then he is subject to personal jurisdiction of a Mississippi federal district court sitting in diversity. *Anderson v. Sonat Exploration Co.*, 523 So.2d 1024 (Miss. 1988). Even when a tort is committed only in part in Mississippi, the long-arm statute permits personal jurisdiction over a nonresident defendant. *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss. 1971). If tortious conduct occurring *outside* of the state causes injury or damage within the state, the nonresident defendant will also be subject to personal jurisdiction. *Yatham v. Young*, 912 So.2d 467 (Miss. 2005); *Wilkinson v. Mercantile Nat'l Bank of Dallas*, 529 So.2d 616, 618-619 (Miss. 1998).

Essentially, Sky Bank argues that the tort prong does not apply to them because there is no merit to the plaintiff's claims against them of "aiding and abetting" the other defendants' alleged fraudulent misrepresentations and intentionally inflicting emotional distress upon the plaintiff in concert with the other defendants. However, "a contention that the complaint states no claim against the defendant is not properly raised on a motion to dismiss for want of jurisdiction...." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE.CIV.3D § 1351. In any event, "[w]hen a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (internal citation omitted).

Since the court has concluded that the tort prong of § 13-3-57 applies to Sky Bank, the next question is whether assertion of personal jurisdiction over them offends due process.

There are two types of applicable jurisdiction: general and specific.

General jurisdiction refers to a state's power to assert personal jurisdiction over an out-of-state defendant generally even on claims that are not related to the defendant's contacts with the state. *Allen v. Jefferson Lines, Inc.*, 610 F.Supp. 236, 239 (S.D. Miss. 1985). For general jurisdiction to apply, the out-of-state defendant's contacts with the forum state must be systematic and continuous. *McDaniel v. Ritter*, 556 So.2d 303, 309 (Miss. 1989).

The court concludes that the plaintiff has not demonstrated that Sky Bank's contacts with Mississippi are systematic and continuous. Therefore, general jurisdiction is inapplicable and the question remains whether assertion of specific jurisdiction comports with due process.

Specific jurisdiction regards the state's power to assert personal jurisdiction over an out-of-

state defendant on specific claims arising from or related to the defendant's contacts with the forum state. Where a defendant is sued on claims relating to or arising from a defendant's contacts with the forum state, only minimum contacts with the forum state are required. In other words, to exercise specific jurisdiction the defendant must have "certain minimum contacts [with the forum state] such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

For specific jurisdiction, "[t]here must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the protection of its laws. The 'purposeful availment' element ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or the unilateral activity of another party or third person." *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 337 (5th Cir. 1999).

Having considered the matter closely, the court concludes that the connection Sky Bank has with the plaintiff is too tenuous and attenuated to render Sky Bank subject to specific personal jurisdiction in Mississippi. Indeed, the plaintiff's allegations against Sky Bank are merely based on the unilateral activities of third parties, *i.e.*, the mortgage lenders. Sky Bank is essentially the mortgage lender defendants' bank and receives the plaintiff's mortgage payments. Sky Bank is not a party to the contract between the plaintiff and the mortgage lender defendants. The plaintiff has alleged no specific acts by Sky Bank directed at her or any other Mississippi resident to such a degree that one can say they purposefully availed themselves of the benefits and protection of Mississippi law justifying being haled into court here.

Even if specific personal jurisdiction were proper by determining the existence of the

requisite minimum contacts with the forum state, the court must also determine whether assertion of personal jurisdiction would comport with notions of "fair play and substantial justice." *International Shoe*, 326 U.S. at 316. When considering the fairness of asserting specific jurisdiction, the court considers "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and the shared interests of the several states in furthering fundamental, substantive social policies." *Coates v. Penrod Drilling Corp.*, 5 F.3d 877, 884-5 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994)

Having considered these factors, the court concludes that assertion of specific personal jurisdiction upon Sky Bank in this case would indeed offend traditional notions of fair play and substantial justice. It is undisputed that Sky Bank is not and has not been qualified to do business in Mississippi, has no registered agent for service of process in Mississippi, owns no property in Mississippi, has no bank account in Mississippi, has no offices or an address in Mississippi, lists no phone numbers in Mississippi, has never paid taxes in Mississippi, and does not advertise in Mississippi. The plaintiff's claims against Sky Bank – *i.e.*, that they "aided and abetted" the fraudulent misrepresentation and the intentional infliction of emotional distress by the mortgage lender defendants to the plaintiff simply because Sky Bank funded them and received mortgage payments as their bank – are simply to tenuous to justify haling Sky Bank into court in Mississippi given their lack of minimum contacts with Mississippi.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Sky Bank's Motion to Dismiss for Lack of Personal Jurisdiction [10-1] is **GRANTED**; therefore,

(2) The plaintiff's claims against Sky Bank are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this the 4th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE