IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSPPI
DELTA DIVISION

**CORA MOSS HAYWOOD**                                                    **PLAINTIFF**

v.                                                                                 No. 2:06CV108-P-A

**TRIBECA LENDING CORPORATION,**
**FRANKLIN CREDIT MANAGEMENT CORPORATION,**
**FCMC 2001 D CORPORATION**                                  **DEFENDANTS**

**MEMORANDUM OPINION**
**DENYING MOTIONS FOR PRELIMINARY INJUNCTION,**
**DENYING MOTIONS TO AMEND COMPLAINT**

This matter comes before the court on the *pro se* plaintiff's motion for a temporary restraining order or preliminary injunction, her amendment to that motion, as well as two requests for a hearing on the motion for a temporary restraining order. The plaintiff has also filed five motions to amend her complaint. Each motion seeks to add new defendants or new claims. The motions were filed on November 1, 2006, November 2, 2006, December 7, 2006, December 8, 2006, and December 19, 2006. For the reasons set forth below, all of these motions shall be denied.

**Factual Background[1]**

On September 26, 1996, Plaintiff obtained a construction loan in the amount of $126,258.00 from First Tennessee for the purpose of building a house on property located at 5700 Stateline Road West, Walls Mississippi. *See* Deed of Trust. On April 1, 1997, the plaintiff secured permanent financing in the amount of $139,000 from Community Mortgage Corp. Haywood Depo at 29. Because the construction costs ran higher than expected, the plaintiff also

---

[1]The background facts and procedural history of this case have been taken from the defendants' Memorandum in Opposition to Plaintiff's Motion to Amend.

obtained a $25,000 home equity line of credit from First Tennessee on June 2, 1997. *Id.* at 31-32.

Shortly after moving into the home, the plaintiff began to experience problems with her finances, and on March 20, 1998, she filed for protection under Chapter 13 of the Bankruptcy Code. *See* Records from Bankruptcy Case No. 98-23978. The plaintiff claims that she was forced to file bankruptcy after she wrote a bad check to purchase airline tickets so that her family could attend the funeral of her first husband. Haywood Depo at 28. The plaintiff's Chapter 13 plan was confirmed in May of 1998. *See* Docket. According to the plaintiff's deposition testimony, she was demoted in her job with the U.S. Postal Service ("USPS") in October 1998. Haywood Depo at 35-37, 81. The demotion resulted in a reduction of pay. *Id.* Within months of the demotion, the plaintiff was in default on her mortgage, causing Resource Bancshares Mortgage Group to file a motion to lift the automatic stay on May 10, 1999. *See* Motion to Lift Stay. In July of 1999, the bankruptcy records indicate that Resource Bancshares reached an agreement with the plaintiff regarding the past due mortgage; and on July 15, Resource Bancshares assigned the loan to Ocwen Federal Bank. *See* Deed of Trust with Assignment. In November 1999, Ocwen agreed to a Forbearance Stipulation Agreement with Plaintiff. *See* Forbearance Stipulation Agreement. Under the terms of the agreement, the plaintiff was make a $3,200.00 down payment and then make monthly payments on her mortgage in the amount of $1,262.00. *Id.*

In June 2001, the plaintiff was attempting to refinance her loan. Haywood Depo at 44, 137-38. During this time, she was past due on her forbearance payment to Ocwen. *See* Ocwen Statement. On August 14, 2001, Franklin Credit notified the plaintiff by letter that it had been

assigned her loan. *See* Letter from Franklin Credit to Plaintiff. The plaintiff asserts that upon receipt of the letter, she contacted Franklin Credit about a refinance and was referred to Tribeca. The plaintiff further alleges that her reason for the refinance was to obtain $10,000.00 from the equity in the house for the purpose of purchasing a car. Haywood Depo at 44-45. A refinance was approved; closing was scheduled for October 25, 2001.

In her original complaint, the plaintiff made numerous claims regarding representations allegedly made by Elijah Mercedes, an employee of Tribeca, regarding the refinance. However, on October 25, 2001, the plaintiff executed loan documents which unambiguously provided that she was obtaining a loan in the amount of $192,200.00 with an adjustable rate. *See* Selected Signed Loan Documents. The documents set forth how the proceeds of the loan would be treated and also set forth her monthly payment and the fact that there was an escrow account. *Id.* The plaintiff acknowledges that she understood the documents at closing – and that she signed them – even though they allegedly were not what she had agreed to. Haywood Depo at 63-64. Instead, she argues that she did not need the refinance and would not have signed the paperwork but for a promise by Mercedes to provide her with a new loan at a later date if certain conditions were met. Specifically, the plaintiff alleges that the promised refinance would provide a cash payout of $10,000.00 if she made her first two payments in a timely manner and her credit improved after her bankruptcy was paid off. The plaintiff further alleges that the payment on the new loan would be no more than $1,600.00 per month including principal, interest, taxes and insurance.

The Tribeca refinance was closed at the plaintiff's home. Denise McKinley, a paralegal from the Collins Law Firm in Jackson, Mississippi, drove to Walls for the closing. Prior to Ms. McKinley's arrival, the plaintiff received a package from Tribeca containing copies of the loan

documents. Haywood Depo at 59-60. Because the refinance required a three day right of rescission, the Collins Law Firm did not disburse the loan until October 30, 2001. On November 2, 2001, the plaintiff received a discharge in her Chapter 13 bankruptcy. *See* Discharge Order.

As early as November 27, 2001, the plaintiff began contacting Tribeca regarding issues with her refinance. *See* Fax from Plaintiff to Jamie Garcia. At some time in 2002, the plaintiff was injured on the job at the USPS; she testified that she did not work during the year 2003. Haywood Depo at 26.

In March of 2004, Morris Schneider & Prior began collection efforts on behalf of Franklin Credit. *At that point, the plaintiff had not made a payment on the Franklin Credit debt since late 2002.* In an effort to avoid foreclosure, the plaintiff filed her second Chapter 13 bankruptcy on April 19, 2004. Haywood Depo at 133.

**Procedural History**

The instant case was filed in state court on October 25, 2004. On October 26, 2004, the plaintiff filed a motion to amend her complaint for the purpose of correcting errors in the original complaint and including additional supporting documentation. On March 7, 2005, the state court denied Defendants' motion to dismiss the complaint for failure to state a claim and allowed Plaintiff 10 days to file an amended complaint. On March 17, 2005, the plaintiff refiled the original complaint with the language of the October 26, 2004 proposed amendment attached. *See* Amended Complaint.

On April 6, 2005, Defendants renewed their motion to dismiss for failure to state a claim. The plaintiff responded to this motion; and on April 28, 2005, she filed another motion to amend, attaching to it what she styled her "Amended Complaint." On May 19, 2005, the state court

entered an order allowing the plaintiff to file the Amended Complaint; and the Amended Complaint was filed on July 19, 2005. In October 2005, the parties began discovery. Written discovery requests were served and answered. The depositions of the plaintiff and Denise McKinley were taken. On April 14, 2006, the plaintiff filed another motion to amend, this time to add Sky Bank as a defendant. On April 20, 2006, the plaintiff amended her motion to amend; and on May 17, 2006, the plaintiff filed her Second Amended Complaint.

Upon service of the Summons and Second Amended Complaint, Sky Bank removed this action to federal court. On August 18, 2006, in what appeared to be an effort to secure a remand order, the plaintiff attempted to amend her complaint for a third time to name the Collins Law Firm as a defendant. The court dismissed the plaintiff's motion to amend and ultimately denied her motion to remand. A Case Management Order was entered setting a November 1, 2006, deadline for filing additional motions to amend.

## Motions to Amend

The plaintiff initiated the instant case in state court on October 25, 2004. After several unsuccessful attempts, she amended her complaint for the first time on July 19, 2005. On May 17, 2006, the plaintiff filed a second amended complaint. The case was removed to this court on June 20, 2006, then stayed pending the outcome of a motion to remand the case back to state court. The plaintiff sought to amend her complaint a second time on August 21, 2006, but that motion was dismissed because the case had been stayed. The motion to remand has since been denied. The plaintiff now brings five separate motions to amend her complaint to include various new defendants and claims.

Although Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given," trial courts have discretion in deciding whether to allow amendments. *State of Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1302-03 (5th Cir. 1995). The court must have a substantial reason to support denial of leave to amend. *Id.* The court may consider such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Id.*, *quoting Foman v. Davis,* 371 US 178, 182, 82 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962).

### Undue Delay and Repeated Failure to Cure Deficiencies
### With Previously Allowed Amendments

This suit was originally filed on October 25, 2004 – over two years ago. Were the court to grant all five pending motions, the plaintiff would have amended her original complaint *seven times* during the course of this case, not including several failed attempts to amend. The plaintiff's current motions to amend seek to add claims that have been available, had the plaintiff exercised due diligence, from the very outset of the case. The November 1, 2006, motion seeks to add a law firm (Collins Law Firm) and an individual defendant, Joseph Caiazzo. However, according to the proposed amended complaint attached to the plaintiff's motion, the plaintiff was aware of these two defendants as early as December 10, 2002. (Proposed amended complaint, paragraph 19). The plaintiff offers no reason for failing to including these defendants in the original complaint filed October 25, 2004 – or in the amended complaints that followed.

In her November 2, 2006, motion, the plaintiff seeks again to add the Collins Law Firm and Thomas Axon, CEO of Franklin Credit Management Corporation, as defendants. The court

discussed the Collins Law Firm above. Paragraph 17 of the plaintiff's proposed amended complaint reveals that the plaintiff was aware of Thomas Axon as a possible defendant as early as January 17, 2002. Again, the plaintiff could have included Axon as a defendant in her original complaint, but failed to do so. The plaintiff's attempt to add Axon as a defendant fails for the same reason in her December 7, 2006, and December 8, 2006, motions to amend. The plaintiff's December 19, 2006, "Leave to Respond to Defendants Opposition to Motion to Amend Complaint," merely reiterates the plaintiff's wish to add as defendants Thomas Axon and the Collins Law Firm. The plaintiff does not state why she failed to name them as defendants in her original complaint, in her previous amendments to her complaint, or at any earlier time in this case.

This case is proceeding towards trial, which is scheduled for October 1, 2007. Written discovery has been served and answered. Documents have been exchanged. The plaintiff and one of her witnesses have been deposed. Each time the plaintiff adds a new defendant or a new claim, the entire discovery process begins anew as to that defendant or claim. The plaintiff's repeated amendments to her complaint cause prejudice to the defendants by way of: additional written and oral discovery (including depositions of the plaintiff and Ms. McKinley – both of whom have already been deposed) as well as depositions of others. Timeliness is an important factor in determining whether amendment should be permitted. *Chitimacha Tribe of Louisiana v. Harry Laws Co.*, 690 F.2d 1157 (5th Cir. 1982). A plaintiff's undue delay shifts the burden to the plaintiff to prove that the delay was due to excusable neglect. *Id*. at 1163. The plaintiff has not even argued that her failure to include these claims and additional defendants was due to excusable neglect. Neither has she used multiple prior amendments to her complaint as

opportunities to add these claims and defendants. Finally, the deadline for amending pleadings in this case expired November 1, 2006. As such, only the plaintiff's November 1, 2006, motion to amend could even be considered, and, for the reasons set forth above, that motion shall be denied. In light of the tardiness of these motions to amend and the absence of any explanation of such tardiness, the plaintiff's five motions to amend the instant complaint shall be denied.

## Preliminary Injunction

In order to obtain preliminary injunctive relief, it is the movant's burden to establish (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the motion is denied, (3) that the threatened injury to the movant outweighs any potential harm injunction will cause to the opponent, and (4) that an injunction will not disserve the public interest. *Interox America v. PPG Industries, Inc.*, 736 F. 2d 194, 198 (5th Cir. 1984). A preliminary injunction is an extraordinary remedy and should not be granted unless these four factors are demonstrated by a clear showing. *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction." *Medlin v. Palmer*, 874 F. 2d 1085, 1091 (5th Cir. 1989).

Regarding the first element for preliminary injunctive relief, the plaintiff does not appear likely to succeed on the merits. She signed the loan documents in dispute, which unambiguously provide for an adjustable rate of interest. As such, under the general rule, the plaintiff is charged with knowledge of the document's contents. *Northwest Financial Mississippi, Inc. v. McDonald*, 905 So.2d 1187 (Miss. 2005); *United States v. Whittington*, 783 F.2d 1210 (5th Cir. 1986).

Regarding the second element, the plaintiff would not suffer irreparable harm if the instant motions for a preliminary injunction were not granted. Her remedy at law is purely monetary; as such, her injury is not irreparable. *City of Meridian v. Algernon Blair, Inc.*, 721 F. 2d 525, 529 (5th Cir. 1983)(injury irreparable only if it cannot be undone through monetary remedies). As the plaintiff not met the first two elements, the court need not discuss the remaining two. For these reasons, the plaintiff's motions for preliminary injunctive relief shall be denied. In light of this holding, the plaintiff's January 10, 2007, and January 17, 2007, requests for a hearing on the motions for a preliminary injunction shall be denied.

In sum the plaintiff's motions [43], [44], [51], [53], [59] to amend her complaint shall be denied. In addition, the plaintiff's motions [48], [52] for a preliminary injunction shall be denied, and the plaintiff's motions [64], [69] for a hearing on preliminary injunctive relief shall also be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE