IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CORA MOSS HAYWOOD                                                                    PLAINTIFF

v.                                                                                   No. 2:06CV108-P-A

TRIBECA LENDING CORPORATION,
FRANKLIN CREDIT MANAGEMENT CORPORATION,
FCMC 2001 D CORPORATION                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* complaint of Cora Moss Haywood, who alleges that the defendants committed fraud – and fraud in the inducement – in the contractual agreement to refinance the plaintiff's home. The defendants have moved for summary judgment, and the plaintiff has responded. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted, and judgment shall be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the

burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts[1]

The plaintiff's claims arise out of the refinance of the plaintiff's mortgage loan on October 25, 2001. On October 25, 2004, the plaintiff filed suit against Tribeca Lending Corporation, Franklin Credit Management Corporation and FCMC 2001 D Corporation – asserting claims of fraud in the inducement and fraud. The plaintiff argues that she did not get the loan that she was promised – and that Tribeca induced her to enter into an unfavorable loan by promising to provide a new loan once certain future conditions were met. The plaintiff seeks actual damages, damages for emotional distress, and punitive damages.

On September 26, 1996, Cora Moss Haywood obtained a construction loan in the amount of $126,258.00 from First Tennessee for the purpose of building a house on property located at 5700 Stateline Road West, Walls Mississippi. *See* Deed of Trust, Ex. A. On April 1, 1997.[2] The plaintiff secured permanent financing in the amount of $139,000 from Community Mortgage Corp. Haywood Depo, Ex. B, at 29. The construction costs ran higher than expected, and the plaintiff also obtained a $25,000 home equity line of credit from First Tennessee on June 2, 1997. *Id.* at 31-32.

Shortly after moving into the home, the plaintiff began to experience problems with her finances; and on March 20, 1998, she filed for protection under Chapter 13 of the Bankruptcy Code. *See* Records from Bankruptcy Case No. 98-23978, Ex. C. The plaintiff claims that she was forced to file bankruptcy after she wrote a bad check to purchase airline tickets so that her

---

[1] The court has taken the undisputed facts, with stylistic variations, from the defendants' motion for summary judgment. The plaintiff did not dispute the facts in her response to the defendants' motion.

[2] References to Exhibits are to those exhibits attached to the Defendants' Motion for Summary Judgment.

family could attend the funeral of her first husband. Haywood Depo, Ex. B, at 28.

The plaintiff's Chapter 13 plan was confirmed in May of 1998. *See* Docket, Ex. C. According to the plaintiff's deposition testimony, she was demoted in her job with the U.S. Postal Service ("USPS") in October 1998. Haywood Depo, Ex. B, at 35-37, 81. The demotion resulted in a reduction of pay. *Id.* Within months of the demotion, the plaintiff defaulted on her mortgage, causing Resource Bancshares Mortgage Group to file a motion to lift the stay on May 10, 1999.[3] *See* Motion to Lift Stay, Ex. C. In July of 1999, Resource Bancshares reached an agreement with the plaintiff regarding the past due mortgage – and on or about July 15 – Resource Bancshares assigned the loan to Ocwen Federal Bank. *See* Ex. C. *See also,* Deed of Trust with Assignment, Ex. E. In November 1999, Ocwen came to a Forbearance Stipulation Agreement with the plaintiff. *See* Forbearance Stipulation Agreement, Ex. F. Under the terms of the agreement, the plaintiff was to make a $3,200.00 down payment – then make monthly payments on her mortgage in the amount of $1,262.00. *Id.*

In June 2001, the plaintiff attempted to refinance her loan. Haywood Depo, Ex. B, at 44, 137-38. During this time, she was past due on her forbearance payment to Ocwen. *See* Ocwen Statement, Ex. G. On August 14, 2001, Franklin Credit notified the plaintiff by letter that her loan had been assigned to Franklin Credit. *See* Letter from Franklin Credit to Haywood, Ex. H. The plaintiff alleges that when she received the letter, she contacted Franklin Credit about a refinance and was referred to Tribeca – and that she refinanced her home in order to obtain $10,000.00 from the equity to purchase a car. Haywood Depo, Ex. B, at 44-45. The request to

---

[3] Notations on the Deed of Trust indicate it was assigned to Resource Bancshares Mortgage Group on or about May, 1997.

refinance was approved, and closing was scheduled for October 25, 2001.

In her original complaint, Cora Moss Haywood alleged that Elijah Mercedes, an employee of Tribeca, made many representations regarding the refinance agreement – promises that the plaintiff claims she relied upon in agreeing to the terms of the contract to refinance her home. On October 25, 2001, however, Cora Moss Haywood executed loan documents – which clearly provided that she was obtaining a loan in the amount of $192,200.00 with an adjustable rate of interest. *See* Selected Signed Loan Documents, Ex. I. The documents set forth how the proceeds of the loan would be treated – and also clearly set forth her monthly payment and the existence of an escrow account. *Id.* The plaintiff admits that she understood the documents at closing – and that she signed them even though they allegedly were not what she had agreed to. Haywood Depo, Ex. B, at 63-64. The plaintiff argues that she did not need the refinance and would not have signed the paperwork but for the promise by Mercedes to provide her with a new loan at a later date – if certain conditions were met. The second refinancing agreement allegedly promised would have provided a cash payout of $10,000.00 if the plaintiff made her first two payments in a timely manner – and if her credit score improved after her bankruptcy was complete. The plaintiff also alleges that the payment on the new loan was to have been no more than $1,600.00 per month – including principal, interest, taxes, and insurance.

The parties closed the Tribeca refinancing deal at the plaintiff's home. Denise McKinley, a paralegal from the Collins Law Firm in Jackson, Mississippi, drove to Walls for the closing. Prior to Ms. McKinley's arrival, Haywood received a package from Tribeca containing copies of the loan documents. Haywood Depo, Ex. B, at 59-60. Because the refinancing contract required a three-day right of rescission, the Collins Law Firm did not disburse the loan until October 30,

2001.  On November 2, 2001, the plaintiff received a discharge in her Chapter 13 bankruptcy case.  *See* Discharge Order, Ex. C.

By November 27, 2001, Cora Moss Haywood began contacting Tribeca about issues with her refinance.  *See* Fax from Plaintiff to Jamie Garcia, Ex. J.  At some time in 2002, the plaintiff was injured on the job at the USPS.[4]  She testified that she did not work during the year 2003.  Haywood Depo, Ex. B, at 26.[5]

In March of 2004, Morris, Schneider & Prior began collection efforts on behalf of Franklin Credit.  Haywood had not made a payment on the Franklin Credit debt in well over a year – since late 2002.  In an effort to avoid foreclosure, the plaintiff filed her second Chapter 13 bankruptcy on April 19, 2004.  Haywood Depo, Ex. B, at 133.

## Fraud and Misrepresentation

Put simply, the plaintiff has not proven fraud or misrepresentation in this case.  The elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.  *Franklin v. Lovitt*

---

[4] The plaintiff's testimony regarding this injury is not clear.  At one point she claims that she was injured in January 2002, at another point she claims she was injured in June 2002.  Haywood Depo, Ex. B, at 19, 26.

[5] Haywood sued her employer for employment discrimination on January 17, 2003.  *See* Docket, Ex. K.  This was the second time that Haywood sued the Postmaster General for employment discrimination.  *See* Docket of case filed September 10, 1999, Ex. L.

*Equip. Co., Inc.*, 420 So. 2d 1370, 1373 (Miss. 1982).

Assuming (for purposes of this opinion only) that there was a misrepresentation, the plaintiff's case must fail because she could not reasonably have relied upon the misrepresentation. One may not reasonably rely on oral representations (negligent or fraudulent) which contradict the plain language of the documents that she signs. *Godfrey, Bassett & Kuykendall v. Huntington Lumber and Supply Co.*, 584 So. 2d 1254, 1257 (Miss. 1991). The Mississippi Supreme Court distilled this principle to its simplest terms:

> A person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.

*Godfrey, Bassett & Kuykendall v. Huntington Lumber and Supply Co.*, 584 So. 2d 1254, 1257 (Miss. 1991).

The documents the plaintiff signed clearly disclosed the terms of the refinancing contract. The note is clearly described as having an adjustable rate of interest. The amount borrowed, the initial interest rate, the method of calculation, and the rate adjustment are also disclosed. The plaintiff's reliance on an allegedly fraudulent representation, concealment, or non-disclosure is therefore unreasonable because the representation was contradicted by the clear terms of a written document that she signed. *Rankin v. Brokman*, 502 So.2d 644, 646 (1987); *McCubbins v. Morgan*, 23 So.2d 926 (1945). *Watson v. First Commonwealth Life Ins. Co.*, 686 F. Supp. 153 (S.D. Miss. 1988). As such, judgment shall be entered for the defendants on this issue.

**Fraud in the Inducement**

The rules discussed in detail below boil down to the following three-part test under the facts of this case. To prove fraud in the inducement, Cora Moss Haywood has the burden of establishing:

1. That Tribeca promised to make a new loan;

2. That Tribeca made the promise with the present intent not to perform; and

3. That the terms of the proposed new loan were definite enough to form the basis of a contract.

For purposes of this opinion only, the court will assume that during negotiations surrounding the first loan, Tribeca promised to make the second loan. This assumption establishes only the first criterion for the plaintiff. She cannot, however, establish the other two. She has no proof that Tribeca did not intend to perform, and the terms of the proposed loan were not definite enough to form the basis of a contract. For these reasons, the plaintiff's claim of fraud in the inducement must fail.

The elements of a cause of action for fraud in the inducement are essentially the same as those used to establish fraud. The Mississippi Court of Appeals set forth the elements of fraud in the inducement:

> Fraud in the inducement arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing the innocent party to enter into a contract. Contracts entered under such circumstances are voidable by the innocent party; however, the innocent party must first establish the presence of the misrepresentation or fraud alleged, which requires proving, by clear and convincing evidence, the following elements:
>
> > (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter

> reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Great Southern Nat. Bank v. McCullough Environmental Services Inc.*, 595 So. 2d 1282, 1289 (Miss. 1992) (citing *Johnson v. Brewer*, 427 So. 2d 118, 121 (Miss.1983)).

*Lacy v. Morrison*, 906 So. 2d 126, 129 (Miss. Ct. App. 2004).

> "'[F]raudulent representations upon which a party may predicate any demand for relief must relate to past or presently existing facts, as facts, and cannot consist[] of promises, except in some cases when a contractual promise is made with the present undisclosed intention of not performing it.'"

*Credit Indus. Co. v. Adams County Lumber & Supply Co.*, 60 So. 2d 790, 794 (Miss. 1952)

(quoting *McArthur v. Fillingame*, 186 So. 828, 829 (Miss. 1939)).

> 'It is a general rule that fraud cannot be predicated upon statements which are promissory in their nature when made and which relate to future actions or conduct, upon the mere failure to perform a promise-nonperformance of a contractual obligation-or upon failure to fulfill an agreement to do something at a future time . . . .' The reasons for the rule, as stated by the Court in *Salitan v. Horn*, [55 So.2d 444, 446 (Miss. 1951)], are that 'a mere promise to perform an act in the future is not, in a legal sense, a representation, and that a mere failure to perform it does not change its character.' 23 Am.Jur. p. 801.

*Id.*

In a case factually similar to the one at bar, the Mississippi Court of Appeals held that a claim of fraud in the inducement would not lie. *Patton v. State Bank & Trust Co.*, 936 So. 2d 391 (Miss. Ct. App. 2006). In *Patton*, the plaintiff sued the lender for breach of contract, fraud, and fraud in the inducement (among other claims). *Patton* at 392. The plaintiff alleged that the bank agreed to finance the purchase of a building – and also orally agreed to finance the renovations to the building. The Court of Appeals held that the contract to finance the renovations was too vague because the plaintiff provided no evidence of: (1) the amount of money the bank would lend for the renovations, (2) the interest rate, (3) the type of payment plan,

or (4) what would be used as collateral. *Id.* at 393-94. With so little of the proposed agreement decided, the court ruled that the defendants could not have misrepresented its terms to the plaintiff. *Id.* at 394. Without a finding of misrepresentation, no claim of fraud or fraudulent inducement could survive. *Id.*

Thus, in the present case, Cora Moss Haywood has the burden of establishing:

1. That Tribeca promised to make a new loan;

2. That Tribeca made the promise with the present intent not to perform; and

3. That the terms of the proposed new loan were definite enough to form the basis of a contract.

Even conceding the first criterion (for the purposes of this discussion only), the plaintiff has not proven the last two.

As to the second criterion, Cora Moss Haywood has offered no evidence proving that Tribeca promised to make a new loan *with a present intent not to perform*. Thus, she is unable to establish an essential element of her claim, and judgment must be entered for the defendants.

Regarding the third criterion, the plaintiff alleges that Tribeca promised her a contract to refinance her home with a cash payout of $10,000.00 (if she made her first two payments in a timely manner and her credit improved after her bankruptcy was paid off). She alleges that the payment would have been no more than $1,600.00 per month – including principal, interest, taxes, and insurance. She does not specify the interest rate but claims that it would be a fixed rate. She also does not specify the term of the proposed new loan. These terms are not definite enough to form the basis of a binding contract. *Beck v. Goodwin*, 456 So. 2d 758 (Miss. 1984) (oral agreement failing to specify the amount of financing, the rate of interest, the time for

advancement, the time for repayment, or the security required for such financing was too indefinite to form valid contract); *see also Izard v. Jackson Production Credit Corp.*, 188 Miss. 447 (Miss. 1940) ("An offer must be so definite in its terms, or require such definite terms in the acceptance, that the promises and performances to be rendered by each party are reasonably certain."). The terms of the unwritten agreement the plaintiff describes were too vague to form an enforceable contract; therefore, the plaintiff's claim of fraud in the inducement must fail. As such, the defendants are entitled to summary judgment on this issue.

In sum, the motion by the defendants for summary judgment shall be granted, and judgment shall be entered for the defendants on all claims. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE